Michelle G. Oleksa, #203891
Oleksa Law Office, P.C.
401 W. Fallbrook Avenue
Ste. 105
Fresno, CA 93711
Phone: 559-436-6380
Fax: 559-447-8524
Email: mgoleksa@oleksalaw.com

Attorney for MICHAEL D. McGRANAHAN, Trustee

# THE UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF CALIFORNIA

## SACRAMENTO DIVISION

| | |
|---|---|
| In re:<br><br>JIMMY DON CARSON and LISA ANN CARSON,<br><br>Debtors.<br><br>SSN#: XXX-XX-9333; SSN#: XXX-XX-8595<br>7087 E. Highway 26<br>Stockton, CA 95215 | Case No.: 04-31355-D-7<br>DC NO.: MGO-3<br>Chapter 7<br>Date: January 11, 2005<br>Time: 9:30 a.m.<br>Place: 501 I Street, 6th Fl.<br>Courtroom 34<br>Sacramento, CA 95814<br>Judge: Hon. Thomas C. Holman |

### TRUSTEE'S MOTION FOR AUTHORITY TO
### SELL PERSONAL PROPERTY (NOTE)

Michael D. McGranahan, Chapter 7 Trustee ("Trustee") of the Estate of JIMMY DON CARSON and LISA ANN CARSON ("Debtors"), hereby respectfully requests Authority to Sell Personal Property, as follows:

1. A Voluntary Petition was filed on April 28, 2003 as a Chapter 7 case. Trustee was duly appointed Chapter 7 Trustee of the Estate of the Debtors on April 28, 2003.

2. The Court has jurisdiction over this matter under 28 U.S.C. §§ 1334 and 157.

/ / /

---

TRUSTEE'S MOTION FOR
AUTHORITY TO SELL. . .

1

MOTION-Sale of Note.12-08-04

3. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (N), and (O). This Motion is brought pursuant to 11 U.S.C. § 363(b), and Fed.R.Bankr.P. Rules 2002(a)(2) and 6004.

4. By this Motion, the moving party requests that the provisions of Fed.R.Bankr.P. Rule 6004(g) be waived so that the sale is not subjected to the ten day stay.

5. Among the assets of this Estate is a Security Agreement and Promissory Note ("Note"), whereby Debtors are listed as the beneficiaries and the borrowers are Maria Elena and Jaime Torres. ("Borrowers"). A true and correct copy of the Note is being filed concurrently herewith as Exhibit "A," and is incorporated herein by reference.

6. The Note is dated March 26, 2002, and has a face value of $120,000. The Note is secured by various fixtures and equipment of Borrowers' grocery store known as Hwy 26 Quick Stop at 11225 E. Highway 26 in Stockton, as fully set forth in the Note. A true and correct copy of the UCC Financing Statement filed September 9, 2004, is being filed concurrently herewith as Exhibit "B," and is incorporated herein by reference.

7. Currently, the remaining balance of the Note is about $76,065.10.

8. Cedarcrest Capital, LLC has made an offer to purchase the Estate's interest in the Note for a total of $51,200. A true and correct copy of the offer is being filed concurrently herewith as Exhibit "C," and is incorporated herein by reference.

9. The Note shall be sold "As Is."

10. The offer was based on the remaining balance of the Note, and the anticipated cash flow from the Note, as of November 22, 2004. In the event that principal payments are made to Trustee between November 22, 2004, and the consummation of the sale of the Note, such payments will be remitted to the successful buyer of the Note. Terms of the sale are set forth in the Agreement for Sale of Estate's Interest in Note, which is being filed concurrently herewith as Exhibit "D," and incorporated herein by reference.

11. Buyer has made a deposit of $5,120 to Trustee. The deposit becomes non-refundable upon the filing date of Trustee's Motion for Authority to Sell Personal Property (Note), subject to being refunded only if Buyer is not the successful bidder for the Note. The remaining balance shall be due and payable in cash or cash equivalent no later than five days

after the Bankruptcy Court's entry of an order approving the sale of the Note.

12. The sale is subject to approval by the Bankruptcy Court, and will be subject to higher and better bids in increments of at least $1,000 made at the hearing. The following sets forth the requirements for any party desiring to submit a bid:

- Contact the Trustee by phone at 1-209-524-1782, or by mail at P.O. Box 5018, Modesto, CA, 95352-5018, to be pre-qualified. Included in such pre-qualification is the requirement that each potential bidder obtain and execute an Agreement for Sale of Estate's Interest in Note, and make a cash or cash equivalent deposit of $5,120 prior to the hearing date;
- Make bids for all cash and be able to make full payment of the remaining balance in cash or cash equivalent no later than five days after the Bankruptcy Court's entry of an order approving the sale of the Note;
- Any party wishing to submit a bid and who has been pre-qualified shall appear in person or by telephone at the hearing. However, any party desiring to make a telephonic court appearance must first confirm that such appearance is available for this matter and shall have full responsibility to schedule the matter in accordance with applicable court procedures. For more information regarding telephonic appearances, please refer to the Bankruptcy Court's official web site at http://www.caeb.uscourts.gov/ (click Court Calendars-Procedural Information-Telephonic Court Appearance Through Court Conference Center), or call Court Call at 1-866-582-6878.

13. Trustee has considered any tax implications of the sale, and has determined that there will be no adverse income tax consequences from the sale.

14. There are no contingencies to the offer other than as set forth herein.

15. The Note was posted on the National Association of Bankruptcy Trustees (NABT) website and several investors made inquiries and offers. The purchase price is fair and reasonable given the nature and use of the assets and the circumstances of this sale. The Trustee believes that a sale of the Personal Property is in the best interests of the Estate and

1  its creditors.
2  16. The Trustee asserts that good business judgment supports the proposed sale.

WHEREFORE Trustee prays:

    A.    That the Court issue an order authorizing the sale of the Personal Property, to Buyer or nominee, or to the highest bidder pursuant to the procedure requested herein, on the terms and conditions described above and in the Agreement for Sale of Estate's Interest in Note;

    B.    For an order authorizing the sale of the Personal Property, with the sale proceeds to be held with other funds of the Estate pending further order of this Court;

    C.    For an order authorizing Trustee to execute any and all documents reasonably necessary to effectuate the sale of the Personal Property;

    D.    For the ten day stay provision of Fed.R.Bankr.P. Rule 6004(g) to be waived; and

    E.    For such other and further relief as the Court deems just and proper.

Dated: 12-14-04

OLEKSA LAW OFFICE, P.C.

By: _____
Michelle G. Oleksa,
Attorney for Trustee